Ferrer v Go N.Y. Tours Inc. (2024 NY Slip Op 03133)

Ferrer v Go N.Y. Tours Inc.

2024 NY Slip Op 03133

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 151963/20 Appeal No. 2473 Case No. 2023-04416 

[*1]Miguel Ferrer, Respondent,
v
Go New York Tours Inc., Appellant, Jarrod Poole, et al., Defendants.

Barton LLP, New York (Maurice Ross of counsel), for appellant.
Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about August 7, 2023, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for spoliation sanctions to the extent of ordering an adverse inference charge against defendant Go New York Tours Inc. (Tours), denied Tours' motion to compel plaintiff to produce certain documents responsive to its August 1, 2022 document request, and granted plaintiff's motion for an order quashing a judicial subpoena ad testificandum dated September 6, 2022 that was served on plaintiff's wife, unanimously affirmed, without costs.
On a motion for spoliation sanctions, the moving party bears the burden of showing "[1] that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, [2] that the evidence was destroyed with a culpable state of mind, and [3] that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2012] [quotation marks omitted]). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (VOOM HD Holdings LLC v EchoStar Satellite LLC, 93 AD3d 33, 45 [1st Dept 2012] [internal quotation marks omitted]). Here, plaintiff established each of these elements. The court thus providently exercised its discretion by imposing the sanction of giving an adverse inference charge to the jury (see Duluc v AC & L Food Corp., 119 AD3d 450, 451-52 [1st Dept 2014], lv denied 24 NY3d 908 [2014]).
Tours' operations manager testified that he was aware that litigation was a real possibility. Once a party reasonably anticipates litigation, it must, at a minimum, hold or prevent the routine destruction of electronic data (see Fata v Heskel's Riverdale, LLC, 223 AD3d 520, 521 [1st Dept 2024]). The undisputed testimony established that immediately after plaintiff's accident, Tours' employees reviewed video footage from the six cameras on the bus, forwarded two videos to its insurer, and deleted the rest. Plaintiff showed that footage from four of the cameras on the bus was destroyed through negligence, if not deliberately.
Plaintiff demonstrated that the deleted footage was potentially relevant to his claims as it might show misconduct by the driver or reveal traffic or other conditions that might have impacted an understanding of the cause of the accident (see Cabrera-Perez v Promesa Hous Dev Fund Corp, 225 AD3d 464 [1st Dept 2024]). The operations manager testified that Tours' employees determined what footage was relevant, what should be preserved, and what should be deleted or overwritten. However, the defendant did not have the right to make this determination unilaterally.
We note that the record reflects contradictory testimony as to whether the bus driver prepared an incident report. Tours provided [*2]no affidavit of a custodian of the records concerning any effort to locate the incident report it failed to produce. Consequently, Tours failed to substantiate its contention that "there never was any formal incident report."
As to Tours' discovery demands, we find that the court providently exercised its discretion in denying Tours' motion to compel production of documents from plaintiff and in quashing the subpoena served on his wife. The requested documents were neither material nor necessary (CPLR 3101[a]). Plaintiff has represented that he will forgo any claim for diminished enjoyment of life, and the court precluded him from seeking that relief. The requested documents all relate to that claim, and, in any event, the requests are overbroad and not tailored to obtain relevant material. While diminished enjoyment of life may be a component of a claim for pain and suffering (see McDougald v Garber, 73 NY2d 246, 256-258 [1989]), here, plaintiff is not seeking damages based on this factor.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024